**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 18 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHNSON WISDOM,

     Petitioner - Appellant,

vs.

RON WARD; THE ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

     Respondents - Appellees.

No. 98-7114
(D.C. No. CIV-97-527-P)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Mr. Wisdom seeks to appeal from the district court's dismissal of his

petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Mr.

Wisdom was convicted in state court of first degree murder, and on direct appeal

challenged the use of a videotaped statement in his trial on the basis that he did

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

not voluntarily, knowingly, and intelligently waive his constitutional rights. The

Oklahoma Court of Criminal Appeals affirmed his conviction, finding that

> [t]he totality of the circumstances surrounding the taking of [Mr. Wisdom's] statement, including the characteristics of the accused and the details of the interrogation, support a finding that [Mr. Wisdom] knowingly and voluntarily relinquished his Miranda rights and that he did not make his statement pursuant to trickery or under coercive circumstances.

Wisdom v. State, 918 P.2d 384, 392 (Okla. Crim. App. 1996).

Mr. Wisdom raised the same arguments in his federal habeas petition. The

district court denied Mr. Wisdom's request for an evidentiary hearing, finding

that disputed factual issues could be resolved by a review of the record. The

court then held that Mr. Wisdom failed to show that the trial court's decision to

admit the videotape into evidence violated clearly established federal law or that

it was based on an unreasonable determination of factual issues. After a careful

reading of the briefs and record, we agree that Mr. Wisdom has not shown by

clear and convincing evidence that the trial court's finding that he was not tricked

or coerced into making his statement was incorrect, see 28 U.S.C. § 2254(e)(1);

nor has he shown that the trial court's finding that he knowingly and voluntarily

waived his Miranda rights was contrary to federal law. See id. § 2254(d)(1).

Accordingly, because Mr. Wisdom has failed to make "a substantial

showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we DENY

his application for a certificate of appealability and DISMISS his appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge